NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN D. SANDERS, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 01-cv-2336 (JLL) |
| ) | |
| v. ) | |
| ) | **OPINION** |
| ) | |
| W. STANLEY NUNN, et al., ) | |
| ) | |
| Respondents. ) | |

**LINARES**, District Judge.

This matter is before the Court on Petitioner Kevin D. Sanders' petition for habeas corpus relief under 28 U.S.C. § 2254. Respondents filed an answer with affirmative defenses, accompanied by relevant portions of the state court record. For the reasons expressed below, Petitioner's petition for habeas corpus is denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

The following facts are taken from the petition, Respondents' answer, and the state court record. On June 26, 1990, Petitioner was charged with fourteen counts of first degree aggravated sexual assault against three children, contrary to N.J.S.A. 2C: 14-2a; three counts of second degree sexual assault against three children, contrary to N.J.S.A. 2C: 14-2b; three counts of third degree endangering the welfare of a child contrary to N.J.S.A. 2C:24-4; and two counts of third degree terroristic threats, contrary to N.J.S.A. 2C:12-3. The Honorable Thomas C. Brown, J.S.C., presided over Petitioner's jury trial, which commenced on October 30, 1990. On November 2, 1990, a jury acquitted Petitioner of one count of terroristic threats and found him

guilty beyond a reasonable doubt of the remaining twenty-one counts of the indictment. A judgment of conviction was entered on April 12, 1991, sentencing Petitioner to an aggregate term of forty years with a fourteen-year period of parole ineligibility.

On May 23, 1991, Petitioner appealed his conviction and sentence to the Appellate Division of the Superior Court of New Jersey. The Appellate Division, in an unreported per curiam Opinion filed on March 1, 1993, affirmed Petitioner's conviction and sentence. Petitioner thereafter filed a timely petition for certification to the New Jersey Supreme Court, which was denied on May 13, 1993.

Petitioner filed his first petition for post-conviction relief ("PCR") with the Superior Court of Essex County, Law Division on April 17, 1995. On October 2, 1995, Judge Brown denied Petitioner's first PCR on procedural and substantive grounds. The ruling was memorialized by Order filed on March 20, 1996. A Notice of Appeal was filed on March 20, 1996 to the New Jersey Appellate Division. The Appellate Division, in an unreported Opinion filed on October 15, 1997, affirmed the denial of post-conviction relief from below. On or about October 29, 1997, Petitioner filed a Notice of Petition for Certification to the New Jersey Supreme Court. The New Jersey Supreme Court, in an Order filed on January 23, 1998, denied certification.

On May 8, 1999, Petitioner moved again for post-conviction relief. In an Opinion and Order dated June 21, 1999, Judge Brown denied the application. Petitioner subsequently filed a Notice of Appeal with the Appellate Division of the Superior Court of New Jersey on July 2, 1999. On May 9, 2000, in a per curiam Opinion, the New Jersey Appellate Division affirmed the denial of Petitioner's second PCR. A petition for certification was filed on May 8, 2000. On September 26, 2000, the New Jersey Supreme Court denied certification.

Subsequently, Petitioner submitted a petition for writ of habeas corpus to this Court on April 24, 2001. Petitioner asserts four claims in his petition: (1) violation of his due process rights to a fair trial based on the state's alleged use of tainted evidence; (2) ineffective assistance of trial counsel; (3) "cause and prejudice"; and (4) newly discovered evidence.

## II.  DISCUSSION

A.   **The Procedurally-Defaulted Claims**

When a state procedural rule has prevented the state courts from reaching the merits of a petitioner's federal claims, federal habeas review of those claims ordinarily is barred because the petitioner has procedurally defaulted the claims. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Where one state judgment rejects a petitioner's federal claims on state procedural grounds, "later unexplained orders upholding that judgment or rejecting the same claims rest upon the same ground." Id. at 803.

> A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice."

Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (internal citations omitted).

On habeas review of state prisoner claims, a federal court "will presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" Coleman v. Thompson, 501 U.S. 722, 734-35 (quoting Michigan v. Long, 463 U.S.

-3-

1032, 1040-41 (1983)).  Only a "firmly established and regularly followed state practice" is adequate to prevent subsequent habeas review in federal court.  James v. Kentucky, 466 U.S. 341, 348-351 (1984); see also Lee v. Kemna, 534 U.S. 362, 376 (2002).  Generally speaking, "[a] state court's refusal to address a prisoner's federal claims because he has not met a state procedural requirement is both independent and adequate."  Cabrera v. Barbo, 175 F.3d 307, 312 (3d Cir. 1999) (citations omitted).

The "cause" standard requires a petitioner to show that some objective factor external to the defense impeded his efforts to comply with the state procedural rule.  Coleman, 501 U.S. at 752 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).  In the absence of a Sixth Amendment violation, the petitioner bears the risk in federal habeas practice for all attorney errors made in the course of the representation.  Coleman, 501 U.S. at 754.  Neither a pro se prisoner's ignorance of the procedural rule nor inadvertence satisfies the cause standard.  Carrier, 477 U.S. at 485-87.  Further, failure of the state court to "bend the rules" for a pro se litigant is not cause.  Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992).

To establish "prejudice," a petitioner must prove "'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension.'"  Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).  In the context of an ineffective assistance claim, the Court of Appeals for the Third Circuit has held that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different."  Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).

In the alternative, in order to establish that failure to review an otherwise procedurally defaulted claim will result in a "miscarriage of justice," a petitioner must show that "a

constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 496. "Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him." Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (citing Schlup v. Delo, 513 U.S. 298, 326 (1995)).

Turning to the facts at bar, the last court to issue a decision was the New Jersey Supreme Court, which denied Petitioner's petition for certification with respect to Petitioner's second PCR, by order of September 26, 2000. The judgment, however, simply affirmed the lower court's holdings. As such, this Court must look to the "last explained state-court judgment on the ... claim" to determine whether the court's decision "fairly appears to rest primarily on federal law" or instead relies upon a state procedural bar to deny relief. Ylst, 501 U.S. at 802, 805; see also Johnson v. Pinchak, 392 F.3d 551, 557 (3d Cir. 2004). By Opinion dated June 21, 1999, Judge Brown issued the last explained judgment on Petitioner's fair trial and ineffective assistance of counsel claims.

In his second PCR application, Petitioner sought relief on two grounds. First, he alleged that he did not receive a fair trial because the state used tainted evidence to obtain a conviction, in violation of his federal constitutional rights. Next, he charged that he received ineffective assistance of post-conviction counsel in connection with his first PCR, on the basis that counsel failed to review discovery provided by the state. In his June 21 Opinion, Judge Brown ruled that, as an initial matter, Petitioner's claims were time-barred under N.J.Ct.R. 3:22-12, which provides as follows:

> No other petition shall be filed pursuant to this rule more than 5 years after rendition of the judgment or sentence sought to be attacked unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect.

Judge Brown further found that Petitioner had failed to demonstrate excusable neglect to overcome the bar.  Petitioner does not contend that this procedural rule is anything but a "firmly established and regularly followed state practice," and state case law suggests that the rule is firmly established and regularly followed.  See, e.g., State v. Dugan, 289 N.J. Super. 15 (App. Div.), certif. denied, 145 N.J. 373 (1996); State v. Dillard, 208 N.J. Super. 722 (App. Div.), certif. denied, 105 N.J. 527 (1986).  Judge Brown, as an alternative basis, addressed the substance of Petitioner's arguments.  Nonetheless, "[t]he fact that both the New Jersey trial court and Appellate Division made reference to the merits of the case as an alternative holding does not prevent us from finding procedural default."  Pinchak, 392 F.3d at 558.

Thus, it is clear that the state court denied relief on an independent and adequate state ground, precluding review here of Petitioner's fair trial and ineffective assistance claims unless the petitioner can demonstrate "cause" to excuse the default and actual "prejudice" resulting from the alleged violation of federal law or the petitioner establishes that the failure to consider the claim will result in a fundamental "miscarriage of justice."  Coleman, 501 U.S. at 750.  Based on the record before this Court, however, Petitioner fails to make any showing of cause, prejudice, or actual innocence to excuse a procedural default.  Accordingly, this Court is precluded by the procedural default doctrine from reviewing Petitioner's fair trial (Ground One) and ineffective assistance of counsel (Ground Two) claims.[1]

---

[1]In Paragraph Twelve C (Ground Three) of the petition, Petitioner claims he has demonstrated cause and prejudice.  This Court agrees with Respondents that Ground Three of the instant petition is not an actual "claim," but merely a burden that a habeas petitioner must satisfy to overcome a procedural default.  As already discussed, Petitioner does not meet this burden.  Petitioner has not proffered any evidence that "some objective factor external [to himself], something not fairly attributed to him, impeded his efforts to comply with the State's procedural rule."  Green v. Wolfe, 2004 WL 1773727, at *4 (E.D. Pa. August 3, 2004).  Alternatively, as already noted, in extraordinary cases, a petitioner can satisfy the cause and prejudice exception by providing evidence that failure of a federal court to review his federal habeas corpus claim
(continued...)

**B.     Standard of Review**

A district court has jurisdiction to review a state prisoner's petition for habeas relief "only on the grounds that the petitioner's confinement violates the Constitution, law or treaties of the United States." 28 U.S.C. § 2254(a); see also McCandles v. Vaughan, 172 F.3d 255, 260 (3d Cir. 1999). "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Here, Petitioner Sanders is proceeding pro se in his application for habeas relief. A pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle, 429 U.S. at 106; Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); Duarte v. Hurley, 43 F. Supp. 2d 504, 507 (D.N.J. 1999).

Additionally, a federal habeas court can only entertain a habeas petition where all available state remedies have been exhausted. 28 U.S.C. § 2254(b)(1). A petitioner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective ...." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) ("[P]rior to determining the merits of [a] petition, [a

---

[1](...continued)
would result in a "miscarriage of justice." Werts, 228 F.3d at 192-93. This exception will generally apply only in "extraordinary cases." Id. "'To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime ... by presenting new evidence of innocence.'" Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002) (quoting Keller v. Larkins, 251 F.3d 408, 415-16 (2001)). Petitioner does not directly assert innocence in his claim. In view of all the foregoing, the third claim (Ground Three) also fails.

court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts."). To exhaust state remedies, a petitioner must fairly present his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

Once a petitioner's federal claims have been "fairly presented" to the State's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971). For a petitioner to fairly present a habeas claim, he "must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless, 172 F.3d at 261. The claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same as that employed by federal courts. Id. at 277; Werts, 228 F.3d at 192. Sections 2254(b) and (c) provide "a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." Rose, 455 U.S. at 520. The Court now turns to Petitioner's remaining claim.

### 1. Newly Discovered Evidence (Ground Four)

In Paragraph Twelve D (Ground Four), Petitioner asserts that the alleged failure by police to produce a gallery photograph of him, used by the rape victim to identify petitioner, now constitutes newly discovered evidence. It appears from a review of the record, however, that this claim was not exhausted in state court. Petitioner raised the claim of newly discovered evidence for the first time before the New Jersey Appellate Division, but failed to raise this claim before

the New Jersey Supreme Court. (Ra12, Ra15). The New Jersey Supreme Court denied the petition for certification. Hence, Petitioner did not exhaust all his state remedies with his newly discovered evidence claim.

Although, under the exhaustion doctrine, a federal habeas court can only grant habeas petitions after those claims have first been totally exhausted at the state level, Lambert, 134 F.3d at 513, federal courts are not precluded from addressing habeas petitions on the merits. Section 2254(b)(2), as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), codifies the power of federal courts to exercise their discretion and deny habeas petitions on the merits, "notwithstanding the failure of the applicant to exhaust [state remedies]." 28 U.S.C. § 2254(b)(2). Accordingly, the federal habeas court may deny the petition under this provision where it is "perfectly clear" that the petitioner does not raise even a colorable federal claim. Lambert, 134 F.3d at 514. Here, Petitioner's fourth claim does not pose a federal question. As the Court of Appeals for the Third Circuit has held, "[t]he existence of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." DeMartino v. Weidenburner, 616 F.2d 708, 711 (3d Cir. 1980) (citing Townsend v. Sain, 372 U.S. 293, 311 (1963)). Accordingly, Petitioner's fourth claim (Ground Four) is denied.

### III.  CERTIFICATE OF APPEALABILITY

The Court must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The AEDPA provides that an appeal may not be taken to the court of appeals from a final

order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.  As explained above, the Court has concluded that Petitioner's first two claims are procedurally barred, and the remaining claims fail on other grounds.  The Court is persuaded that reasonable jurists would not debate the correctness of these conclusions.  Therefore, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

## CONCLUSION

For the foregoing reasons, this Court finds that Petitioner's § 2254 habeas petition should be denied.  A certificate of appealability will not issue.  An appropriate Order accompanies this Opinion.

DATED: January 31, 2006

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE